### J. R. Groesbeck vs. F. G. Hudson, District Attorney.

Gunby, J. This is a suit to rescind the sale of a part of a sixteenth section of land, under Acts 109 of 1871, 5 of 1876, and R. S. 1322. The legislature is entrusted by Congress with the disposal of school lands, and the above Acts do not divest any vested rights. The Act of 1871, containing the words " all sales heretofore made," clearly applies only to sales made prior thereto; but Act 5 of 1877 omits these words, and refers to all sales, present, past and future. It is an elementary principle of construction, as old as the Code of Justinian, that the law prescribes for the future, not for the past. 14 An. 27; 20 An. 244; 33 An. 35. But there are exceptions to this rule of construction, one of which is where the intent that the law shall be retrospective clearly results from its terms.

2. But where a suit has been brought against a purchaser of school lands and his surety, and judgment rendered in favor of the Auditor of the State, it is too late to sue for the cancellation of the sale. The fees and costs have been incurred by the State, and plaintiff must be held to his bargain. There is no law authorizing this Court to annul the judgment in favor of the State.

3. There is no equity in favor of plaintiff's demand. After due advertisement he bid in this land and now seeks to avoid his bid, without cause or complaint, but simply as the beneficiary of one of those Acts of past legislatures, which treated so lightly the trust of the State in regard to sacred school funds, and which form one of the saddest chapters in the history of Louisiana.

---

### P. A. Toler vs. Lem Scott, Sheriff, et al.

Mayo, J. The Clerk of the District Court has the right to grant injunctions.

2. Where a party is sued for a partition of real estate, which she has in her possession, and from a judgment decreeing a partition she takes a suspensive appeal, giving bond for the estimated value of the rents and revenues likely to accrue, pending the appeal, such bond is legal and binding on her; though a married woman, it is not a debt of the community, but relates to her separate estate.

3. The sureties on such a bond are liable for the rents and revenues covered by said obligation. 3 An. 685; 9 An. 425.

4. But the sureties cannot be sued until judgment has been obtained and executed against their principal. 32 An. 993.